Law Library

**IN THE SUPERIOR COURT
OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 APR 12 PM 2: 28

CLERK OF COURT

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE No. CF 0207-12 |
| | ) | |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | On Defendant's |
| DANNY THOMAS CRUZ, | ) | Motion to Dismiss Indictment for |
| | ) | Failure to Present Exculpatory |
| Defendant. | ) | Evidence |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 27, 2012 on Defendant's Motion to Dismiss Indictment for Failure to Present Exculpatory Evidence. The People of Guam were represented by Assistant Attorney General Elizabeth Vasiliades. The Defendant was represented by Alternate Public Defender John Morrison. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Dismiss Indictment.

## FACTUAL HISTORY

The Defendant was indicted on one count of felony *First Degree Criminal Sexual Conduct*, three counts of felony *Second Degree Criminal Sexual Conduct*, one count of felony *Family Violence*, and one count each of misdemeanor *Child Abuse* and *Assault* for allegedly physically and sexually abusing two of his step daughters. The Defendant was indicted on April 6, 2012, and filed a first Motion to Dismiss Indictment on October 19, 2012. On November 16, 2012, the People obtained a Superseding Indictment on the same criminal charges and on December 28,

2012 the Defendant filed a Renewed Notice of Motion to Dismiss Indictment for Failure to Present Exculpatory Evidence.

In both his first and second Motion to Dismiss Indictment the Defendant argues that the People failed to present exculpatory evidence during the Grand Jury proceedings. The Defendant specifically argues that the People failed to present evidence of: (1) alleged victim Z.A.G's audible responses to a Child Protective Services interviewer regarding the alleged sexual abuse and, (2) the results of the medical examination performed on Z.A.G. at the Healing Hearts Crisis Center. The People timely filed an opposition countering that the Defense asks the Court to apply a standard of proof greater than the reasonable cause standard applicable to Grand Jury proceedings. For the following reasons, the Court agrees with the People.

## DISCUSSION

Dismissal of a grand jury indictment based upon the failure to provide exculpatory evidence is rare. The U.S. Supreme Court has made clear that, as a general rule, a grand jury indictment will not be invalidated based upon a prosecutor's failure to present certain evidence. *U.S. v. Williams*, 504 U.S. 36, 54 (1992) (explaining that imposing a legal obligation to present exculpatory evidence in the prosecutor's possession would be incompatible with the grand jury system). Some states have distinguished this precedent by finding a requirement to provide exculpatory evidence based upon statute. California law, which served as the basis for Guam's grand jury statute, authorizes the grand jury "to weigh all the evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced." *Johnson v. Superior Court*, 539 P.2d 792, 796 (1975).

Guam statutory law similarly places a duty upon the prosecutor to disclose exculpatory evidence. 8 G.C.A. §50.46. The law specifically requires that "the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt." Guam law provides the example that exculpatory evidence is "Evidence known to the prosecutor that would indicate [the] defendant was elsewhere at the time the crime was alleged to have been committed." 8 G.C.A. §50.46 (citing *People v. Sablan*, D.C. Cr. 85-0024A (1986)). Thus, a defendant's alibi is one example of evidence "which must be presented to the Grand Jury." *Id*. Not all evidence, however, is exculpatory. Both California law and Guam law make clear that exculpatory evidence is only evidence which "will explain away the charge" and "tend to negate the guilt" of the defendant.

The evidence allegedly omitted by the People in the Grand Jury proceedings against the Defendant is not exculpatory. The Defendant argues that the People failed to introduce exculpatory evidence of: (1) alleged victim Z.A.G's audible responses in a Child Protective Services forensic interview regarding the alleged sexual abuse and, (2) the results of the forensic medical examination performed on Z.A.G. at the Healing Hearts Crisis Center. Had the two pieces of evidence been presented, the Defendant further argues, "the Grand Jury may well have not indicted." However, exculpatory evidence is "evidence favorable to the defendant which is material to guilt or punishment." *People v. Orallo*, 2004 Guam 5 ¶12. For the following reasons, the evidence sited by the Defendant does not satisfy the definition of "exculpatory."

**I.     The Audible Responses From the First Interview are not Exculpatory**

The Defendant argues that the failure of the People to introduce evidence of alleged victim Z.A.G.'s audible responses during her first forensic interview constitutes exculpatory evidence. Since the criminal case commenced, Z.A.G. has undergone two forensic interviews

with Child Protective Services ('CPS'), in addition to a series of counseling sessions with a licensed therapist from the court's Client Services and Family Counseling ('Client Services') division. At her first forensic interview with CPS, conducted in October of 2011, Z.A.G denied that her step-father had sexually assaulted her and solely disclosed that he had physically punished her by spanking her with a belt. Six year old Z.A.G. was then referred to Client Services where, after a number of sessions, she disclosed to her therapist that her step-father had sexually assaulted her. This disclosure led to a second forensic interview with CPS, conducted in March 2012, where Z.A.G. again disclosed sexual abuse.

The Defendant argues that the People failed to accurately describe the interaction between Z.A.G and the CPS interviewer during the first forensic interview in October, 2011. CPS investigator Maeleen Sanchez testified at both the Grand Jury proceedings for the original indictment as well as the superseding indictment that during the first interview Z.A.G denied being sexually assaulted. In both proceedings, Ms. Sanchez stated that during the first interview, Z.A.G. "did not disclose any sexual abuse" and that Z.A.G. was non-responsive in that the minor child only "nodded her head" to communicate 'No,' instead of verbally saying 'No.' Ms. Sanchez did not testify as to any of Z.A.G.'s responses that did not directly pertain to the allegation of sexual abuse.

The Defendant incorrectly argues that the failure of the People to present evidence of Z.A.G.'s audible responses during the first forensic interview constitutes exculpatory evidence. The Defendant argues that omission of all of the audible responses to all of the questions asked during the entire interview "is not accurate" and that it fails "to give the Grand Jury a true sense of the interview between Ms. Sanchez and Z.A.G." The Defendant insists that the Grand Jury "had a right to know" all of the questions asked during the interview because Z.A.G. "gave

audible answers to questions and at other times shook her head to indicate a yes or no answer." The Defendant specifically insists that the Grand Jury should have been informed of Z.A.G.'s audible statements that she: (1) "understood the difference between the truth and a lie," (2) "was not allowed in the room where the abuse is alleged to have occurred," and, (3) "denied ever being alone in the room with Mr. Cruz."

The People explicitly introduced evidence of Z.A.G.'s initial denial of abuse during the Grand Jury proceedings for both the original indictment and the superseding indictment. The People have made no attempts to hide Z.A.G.'s initial denial of sexual abuse during the first forensic interview and, instead, repeatedly asked Ms. Sanchez about the denial during the proceedings for the superseding indictment. Ms. Sanchez also accurately testified that Z.A.G. did not offer audible responses *when asked about the alleged sexual abuse*. The video tape of the first interview shows Z.A.G. denying the sexual abuse by shaking her head 'No' when asked if she had been sexually assaulted. That Z.A.G. made audible responses to other questions during the course of the interview does not change the fact that Ms. Sanchez, a trained professional, found the child to be non-responsive to questions specific to the allegation of sexual abuse by her step father.

Ms. Sanchez summarized the results of the first and second forensic interviews, as well as the counseling sessions with Client Services, as the results pertain to the question of whether or not Z.A.G. disclosed sexual abuse. Not all of Z.A.G.'s audible responses during the second forensic interview – where she stated that she had been sexually assaulted – were addressed by the People during the Grand Jury proceedings. Similarly, not all of Z.A.G.'s audible responses during the multiple sessions with Client Services were discussed as the discussion was limited to statements pertaining to the alleged sexual assault. That Z.A.G. said she understood the

difference between a truth and a lie, that she said she was not allowed in her mother's bedroom, and that she initially denied being alone in the bedroom with Mr. Cruz is all evidence that may be introduced at trial to impeach the witness. The evidence of Z.A.G.'s audible statements do not, however, provide the Defendant with an alibi, nor do they explain away the criminal charges he is currently facing.

## II.    The Results of the Forensic Examination were Presented

The Defendant also argues that the indictment must be dismissed because the People failed to present the results of Z.A.G.'s forensic examination. The Defendant's argument is based on the premise that when Ms. Sanchez testified at the proceedings for the superseding indictment she stated "that she could not remember the results [of the exam], but that there had been an exam." Ms. Sanchez's testimony was given in direct response to a juror who specifically asked about the results of Z.A.G.'s forensic examination. The Defendant insists that "in the context of the Grand Jury presentation, when a Juror is asking for evidence that could determine the outcome of the indictment, the government is obligated to produce it." The Defendant continues on to argue that "Had this evidence been presented, that there were no findings, the Grand Jury may well have not indicted."

The Defendant's argument contains two fallacies. First, it is incorrect to state that 'no findings' were produced from the forensic examination of 6 year old Z.A.G. The medical report clearly indicates that the results of the examination were inconclusive and that sexual abuse could be neither proven nor disproven. The report clarifies that Z.A.G.'s inconclusive results were typical of any case involving a more than five month lapse between when the sexual abuse allegedly occurred and when the exam was performed.

More critically, the Grand Jury was informed of the results of forensic examination. It does not matter that Ms. Sanchez was unable to remember the results of the forensic examination because the results had already been presented to the Grand Jury. The inconclusive results of the forensic examination were discussed during the Grand Jury proceedings for the original indictment. During the proceedings for the superseding indictment, the taped proceedings from the original indictment were played back in their entirety. By listening to the playback of the proceedings for the original indictment, the jury members had the opportunity to hear Ms. Sanchez testify at 11:36am on April 6, 2012 that the results of the forensic examination were inconclusive due to the five to six month lapse of time between the alleged sexual abuse and the examination. Accordingly, while it is unfortunate that Ms. Sanchez did not remember her previous testimony, it cannot be said that the evidence was kept from the Grand Jury.

## CONCLUSION

Based on the foregoing, the Court finds that the Defendant has failed to demonstrate that the People excluded exculpatory evidence during the Grand Jury proceedings. Accordingly, the Court DENIES the Defendant's Motion to Dismiss Indictment. Further Proceedings are set for 4/17 2013 at 9am.

SO ORDERED, this 12 day of April 2013.

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in my office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

APR 1 2 2013

Benny C. Cruz
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam